```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA    )    Criminal No.
                            )
     v.                     )    VIOLATIONS:
                            )    18 U.S.C. §371
JOSEPH O'CONNOR,            )       (Conspiracy)
                            )
          Defendant.        )

**INDICTMENT**

THE GRAND JURY CHARGES THAT:

COUNT ONE

(Conspiracy - 18 U.S.C. §371)

INTRODUCTION

1. At all times material to the allegations contained in this Indictment, Defendant Joseph O'Connor ("O'CONNOR") worked at Cummins Towers, a housing development located in Roslindale, Massachusetts with approximately 180 subsidized rent units, administered by an on-site management company on behalf of United States Housing and Urban Development ("HUD").

THE CONSPIRACY

2. Beginning on a date prior to 1988 and continuing to in or about mid 2000, the exact dates being unknown to the Grand Jury, in the District of Massachusetts and elsewhere, Defendant O'CONNOR and others, known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree to commit offenses against the United States, namely, to make materially false statements and to make and use false documents

knowing the same to contain materially false and fraudulent statements, in violation of 18 U.S.C. §1001.

## MANNER AND MEANS OF THE CONSPIRACY

3.   It was part of the conspiracy that Defendant O'CONNOR caused materially false statements to be made on HUD forms 50059 for certain units at Cummins Towers, including but not limited to the use of fictitious names, dates of birth, and social security numbers, all for the purpose of actually obtaining the units for his own use when he would not otherwise qualify.

4.   It was further part of the conspiracy that defendant O'CONNOR generated employee income verifications in support of subsidized housing applications and recertifications at Cummins Towers, when in fact defendant O'CONNOR knew that the subject unit was not being occupied by the income verified employee but rather was being used by defendant O'CONNOR and/or one of his friends for their own purposes.

5.   By means of the conspiracy, Defendant O'CONNOR wrongly converted to his own use, and the use of another, subsidy monies paid by the federal government for units at Cummins Towers totaling more than $140,000.00 and also deprived otherwise qualifying families of use of the subject units.

## OVERT ACTS

6.   In furtherance of the conspiracy, and to effect its object, Defendant O'CONNOR and his co-conspirators, known and

unknown to the Grand Jury, in the District of Massachusetts and elsewhere, committed overt acts including but not limited to the following:

a. On or about November 22, 1988, Defendant O'CONNOR created a verification of employment and salary for CE, and submitted that document to the management company at Cummins Towers, for the purpose of supporting CE's application or recertification for a subsidized rental unit at Cummins Towers, when in fact Defendant O'CONNOR knew that CE did not reside in the unit but rather that the unit was used by Defendant O'CONNOR and/or one of his friends for their own purposes.

b. On or about November 20, 1989, Defendant O'CONNOR created a verification of employment and salary for CE, and submitted that document to the management company at Cummins Towers, for the purpose of supporting CE's application or recertification for a subsidized rental unit at Cummins Towers, when in fact Defendant O'CONNOR knew that CE did not reside in the unit but rather that the unit was used by Defendant O'CONNOR and/or one of his friends for their own purposes.

c. On or about December 10, 1990, Defendant O'CONNOR created a verification of employment and salary for CE, and submitted that document to the management company at Cummins Towers, for the purpose of supporting CE's application or recertification for a subsidized rental unit at Cummins Towers,

when in fact Defendant O'CONNOR knew that CE did not reside in the unit but rather that the unit was used by Defendant O'CONNOR and/or one of his friends for their own purposes.

    d.    On or about November 29, 1991, Defendant O'CONNOR created a verification of employment and salary for CE, and submitted that document to the management company at Cummins Towers, for the purpose of supporting CE's application or recertification for a subsidized rental unit at Cummins Towers, when in fact Defendant O'CONNOR knew that CE did not reside in the unit but rather that the unit was used by Defendant O'CONNOR and/or one of his friends for their own purposes.

    e.    On or about December 4, 1992, Defendant O'CONNOR created a verification of employment and salary for CE, and submitted that document to the management company at Cummins Towers, for the purpose of supporting CE's application or recertification for a subsidized rental unit at Cummins Towers, when in fact Defendant O'CONNOR knew that CE did not reside in the unit but rather that the unit was used by Defendant O'CONNOR and/or one of his friends for their own purposes.

    f.    On or about November 9, 1993, Defendant O'CONNOR created a verification of employment and salary for CE, and submitted that document to the management company at Cummins Towers, for the purpose of supporting CE's application or recertification for a subsidized rental unit at Cummins Towers,

4

when in fact Defendant O'CONNOR knew that CE did not reside in the unit but rather that the unit was used by Defendant O'CONNOR and/or one of his friends for their own purposes.

  g. On or about November 9, 1994, Defendant O'CONNOR created a verification of employment and salary for CE, and submitted that document to the management company at Cummins Towers, for the purpose of supporting CE's application or recertification for a subsidized rental unit at Cummins Towers, when in fact Defendant O'CONNOR knew that CE did not reside in the unit but rather that the unit was used by Defendant O'CONNOR and/or one of his friends for their own purposes.

  h. On or about October 31, 1995, Defendant O'CONNOR created a verification of employment and salary for CE, and submitted that document to the management company at Cummins Towers, for the purpose of supporting CE's application or recertification for a subsidized rental unit at Cummins Towers, when in fact Defendant O'CONNOR knew that CE did not reside in the unit but rather that the unit was used by Defendant O'CONNOR and/or one of his friends for their own purposes.

  i. On or about January 2, 1998, Defendant O'CONNOR created a verification of employment and salary for CE, and submitted that document to the management company at Cummins Towers, for the purpose of supporting CE's application or recertification for a subsidized rental unit at Cummins Towers,

when in fact Defendant O'CONNOR knew that CE did not reside in the unit but rather that the unit was used by Defendant O'CONNOR and/or one of his friends for their own purposes.

j.   On or about December 27, 1999, Defendant O'CONNOR created a verification of employment and salary for CE, and submitted that document to the management company at Cummins Towers, for the purpose of supporting CE's application or recertification for a subsidized rental unit at Cummins Towers, when in fact Defendant O'CONNOR knew that CE did not reside in the unit but rather that the unit was used by Defendant O'CONNOR and/or one of his friends for their own purposes.

k.   On or about October 31, 1991, Defendant O'CONNOR caused a false HUD form 50059 to be completed and submitted for a unit at Cummins Towers, purportedly for resident "Thomas Buckley," when in fact Defendant O'CONNOR knew that "Thomas Buckley" did not exist or reside in the unit but rather that the unit was used by Defendant O'CONNOR for his own purposes.

l.   On or about February 1, 1993, Defendant O'CONNOR caused a false HUD form 50059 to be completed and submitted for a unit at Cummins Towers, purportedly for resident "Thomas Buckley," when in fact Defendant O'CONNOR knew that "Thomas Buckley" did not exist or reside in the unit but rather that the unit was used by Defendant O'CONNOR for his own purposes.

m.   On or about October 21, 1993, Defendant O'CONNOR

caused a false HUD form 50059 to be completed and submitted for a unit at Cummins Towers, purportedly for resident "Thomas Buckley," when in fact Defendant O'CONNOR knew that "Thomas Buckley" did not exist or reside in the unit but rather that the unit was used by Defendant O'CONNOR for his own purposes.

  n. On or about September 29, 1994, Defendant O'CONNOR caused a false HUD form 50059 to be completed and submitted for a unit at Cummins Towers, purportedly for resident "Thomas Buckley," when in fact Defendant O'CONNOR knew that "Thomas Buckley" did not exist or reside in the unit but rather that the unit was used by Defendant O'CONNOR for his own purposes.

  o. On or about September 29, 1995, Defendant O'CONNOR caused a false HUD form 50059 to be completed and submitted for a unit at Cummins Towers, purportedly for resident "Thomas Buckley," when in fact Defendant O'CONNOR knew that "Thomas Buckley" did not exist or reside in the unit but rather that the unit was used by Defendant O'CONNOR for his own purposes.

  p. On or about March 31, 1998, Defendant O'CONNOR caused a false HUD form 50059 to be completed and submitted for a unit at Cummins Towers, purportedly for resident "John Smith," when in fact Defendant O'CONNOR knew that "John Smith" did not exist or reside in the unit but rather that the unit was used by Defendant O'CONNOR for his own purposes.

  q. During the period 1988 through 2000, Defendant

7

O'CONNOR used three different units at Cummins Towers for his own purposes, never utilizing his own name or personal information for the purpose of securing any of these units, and accepted a rent subsidy for the wrongful use of the units.

All in violation of Title 18, United States Code, Section 371.

### Notice of Additional Factors

The Grand Jury further charges that:

7. The offense charged in Count One of this Indictment (conspiracy in violation of 18 U.S.C. §371):

(a) continued until at least April, 2000;

(b) involved a loss exceeding $120,000.00, as described in U.S.S.G. §2B1.1(b)(1)(F).

A TRUE BILL

_____
A Foreperson of the Grand Jury

_____
Lori J. Holik
Assistant U.S. Attorney

DISTRICT OF MASSACHUSETTS

Returned to the District Court by a Foreperson of the Grand Jury and filed on this     day of September, 2004 at        .

_____
Deputy Clerk

9/22/04 @ 2:15pm

# Criminal Case Cover Sheet 04 CR 10296 DPW U.S. District Court - District of Massachusetts

**Place of Offense:** _____  **Category No.** II  **Investigating Agency** HUD-OIG

**City** Roslindale  **Related Case Information:**

**County** Suffolk

Superseding Ind./ Inf. _____  Case No. _____
Same Defendant _____  New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

## Defendant Information:

**Defendant Name** Joseph O'Connor    **Juvenile** ☐ Yes  [x] No

**Alias Name** _____

**Address** 504 Old Chatham Road, South Dennis, MA 0260

**Birth date (Year only):** 1936  **SSN (last 4 #):** 9773  **Sex** M  **Race:** White  **Nationality:** USA

**Defense Counsel if known:** _____  **Address:** _____

**Bar Number:** _____

## U.S. Attorney Information:

**AUSA** Lori J. Holik  **Bar Number if applicable** _____

**Interpreter:** ☐ Yes [x] No    **List language and/or dialect:** _____

**Matter to be SEALED:** ☐ Yes [x] No

☐ Warrant Requested    [x] Regular Process    ☐ In Custody

## Location Status:

**Arrest Date:** _____

☐ Already in Federal Custody as _____ in _____
☐ Already in State Custody _____  ☐ Serving Sentence  ☐ Awaiting Trial
☐ On Pretrial Release:  Ordered by _____ on _____

**Charging Document:**  ☐ Complaint  ☐ Information  [x] Indictment

**Total # of Counts:**  ☐ Petty  ☐ Misdemeanor  [x] Felony  1

Continue on Page 2 for Entry of U.S.C. Citations

[x]  I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

**Date:** 9-22-04    **Signature of AUSA:** _____

✎JS 45  (5/97) - (Revised USAO MA 3/25/02)  Page 2 of 2 or Reverse

District Court Case Number  (To be filled in by deputy clerk): _____

Name of Defendant      Joseph O'Connor _____

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 U.S.C. §371 | Conspiracy | 1 |
| Set 2 | | |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:**