

U.S. Department of Justice

United States Attorney
District of Massachusetts

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

October 18, 2004

Daniel W. O'Malley, P.C.
Denner O'Malley, LLP
Four Longfellow Place, 35th Floor
Boston, MA 02114

OF
COLLINGS
MAGISTRATE JUDGE

OCT 19 2004

UNITED STATES DISTRICT COURT
BOSTON, MASSACHUSETTS

Re:   United States v. Joseph O'Connor
      Criminal No. 04-10296-DPW

Dear Counsel:

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.   Rule 16 Materials

1.   Statements of Defendant under Rule 16 (a)(1)(A)

   a.   Written Statements

   There are no relevant written statements of the defendant Joseph O'Connor in the possession, custody or control of the government, which are known to the attorney for the government.

   b.   Recorded Statements

   There are no relevant recorded statements of the defendant Joseph O'Connor in the possession, custody or control of the government, which are known to the attorney for the government.

   c.   Grand Jury Testimony of the Defendant

   The defendant Joseph O'Connor did not testify before a grand jury in relation to this case.

d.   Oral Statements to Then Known Government Agents

The government is unaware of any oral statements made by the defendant before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

2.   Defendant's Prior Record under Rule 16 (a)(1)(B)

The government is unaware at this time of any prior criminal record of the defendant.

3.   Documents and Tangible Objects under Rule 16(a)(1)(C)

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4.   Reports of Examinations and Tests under Rule 16 (a)(1)(D)

There presently are no reports of physical or mental examinations or scientific tests or experiments made in connection with this case.

B.   Search Materials under Local Rule 116.1(C)(1)(b)

No search warrants were obtained in connection with investigation of the charges contained in the indictment in this case.

C.   Electronic Surveillance under Local Rule 116.1(C)(1)(c)

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.   Consensual Interceptions under Local Rule 116.1(C)(1)(d)

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the

communication in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief.

E.  <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

The names of known unindicted coconspirators as to the conspiracy charged in Count One of the indictment are set forth in a separate letter, dated October 18, 2004.

F.  <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

The defendant Joseph O'Connor was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant Joseph O'Connor.

G.  <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.  The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

2.  The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

3.  Promises, rewards, or inducements have been given John Duby and Janet Gaibl, witnesses whom the government anticipates calling in its case-in-chief. Copies of same are being provided under cover of a separate letter dated October 18, 2004.

4.  The government is unaware that any of its named case-in-chief witnesses have a criminal record.

5.  The government is aware that the following named case-in-chief witness has a criminal case pending encaptioned United States v. Janet Gaibl, 03-10348-RGS.

6.  No identification procedure was used in this case.

H.   Other Matters

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

Please call the undersigned Assistant U.S. Attorney at 617-748-3161 if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:   _____
      Lori J. Holik
      Assistant U.S. Attorney


cc:   Clerk to the Honorable Robert B. Collings