UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | Cr. No. 04-10296-DPW |
| | ) | |
| **JOSEPH O'CONNOR** | ) | |

### MOTION TO CONTINUE SENTENCING HEARING

Joseph O'Connor ("the defendant"), by and through undersigned counsel, hereby submits this Motion to Continue the Sentencing Hearing from the afternoon of Tuesday, April 26, 2005 to the afternoon of May 23, 2005. The defendant contends that a continuance is essential because he suffered a serious heart attack and needs time for recovery. Specifically, at approximately 4:45 p.m. on April 21, 2005, the defendant's family informed Defense Counsel that the defendant had suffered a heart attack on April 15, 2005.1 Following his heart attack, the defendant remained hospitalized at Cape Cod Hospital for one week. Cape Cod Hospital discharged the defendant on April 21, 2005.

Doctors at Cape Cod Hospital apparently placed several stints in the defendant's arms and proscribed a regime of pills and rest. The defendant needs to recover from his heart attack by resting for the next several weeks at home. The extension suggested by the defendant hopefully will allow him sufficient time to regain his health and face the stresses associated with a sentencing hearing.

---

1 Upon learning of the defendant's heart attack, Defense Counsel immediately contacted the court. The call to the court occurred at approximately 4:50 p.m. on April 21, 2005. Given the late time that the Defense Counsel obtained the information, Defense Counsel contacted the court to inquire about a continuance prior to contacting opposing counsel or probation because Defense Counsel feared that essential court personnel might leave for the day. During a conversation with one of the court's clerks, the clerk informed Defense Counsel that the court

Moreover, the defendant also needs additional time to explore these new health related issues and present them to the court in his Sentencing Memorandum. Even prior to the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), age and health served as a basis for downward departure from the strictures of the Sentencing Guidelines. See United States Sentencing Guidelines Manual § 5H1.1 (2004). In a post-Booker era where the Sentencing Guidelines are merely advisory and courts must consider a range of humanizing factors before imposing a sentence, see 18 U.S.C. § 3553(a), the defendant's health becomes an even more salient matter. The defendant's attorneys, therefore, need time to speak with the defendant's physicians and obtain the defendant's medical records.[2] The defendant expects to address his health issues fully in his sentencing memorandum. The date suggested by the defendant allows the defendant's counsel time to address these new issues, and, more importantly, it allows the defendant time to recover from his heart attack.

---

had no matters scheduled in the afternoon of May 23, 2005.

[2] Current medical disclosure laws prevent patients from obtaining quick or easy access to their own medical records. Unfortunately, time constraints and disclosure laws prevent Defense Counsel from supplying the court with the defendant's medical records in support of this continuance motion. Given the impracticality of obtaining the defendant's records on short notice, Defense Counsel asks the court to accept the representations of the defendant's counsel as officers of the court.

WHEREFORE, the defendant asks the court to grant his motion and continue the sentencing hearing in this matter to the afternoon of May 23, 2005.

Dated: April 22, 2005

                                        Respectfully submitted,

                                        JOSEPH O'CONNOR,
                                        By his attorneys,

                                        /s/ **Brad Bailey**
                                        _____
                                        Daniel W. O'Malley, BBO#547483
                                        Brad Bailey, BBO#549749
                                        Gary G. Pelletier, BBO#631732
                                        DENNER O'MALLEY, LLP
                                        Four Longfellow Place, 35th Floor
                                        Boston, MA 02114
                                        (617) 227-2800

Certificate of Service

      I, Brad Bailey, hereby certify that on April 22, 2005, I served a copy of the within Supplemental Sentencing Memorandum upon Assistant United States Attorney Lori Holik and United States Probation Officer Jo Lyness by electronic filing mail.

                                       /s/ **Brad Bailey**

                                       _____
                                       Brad Bailey